IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ST. JUDE MEDICAL, CARDIOLOGY )
DIVISION, INC., ST. JUDE MEDICAL )
SYSTEMS AB, and ST. JUDE MEDICAL )
S.C., INC., ) C.A. No. 10-631-RGA
)
                Plaintiffs, )
) **REDACTED**
v. ) **PUBLIC VERSION**
)
VOLCANO CORPORATION, )
)
                Defendant. )

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF
THEIR MOTION TO STRIKE THE EXPERT
REPORT OF DEFENDANT'S PATENT LAW EXPERT**

OF COUNSEL:
Drew M. Wintringham, III
Stuart E. Pollack
Monica Thompson
Tamar Duvdevani
Eric Lerner
Nicholas (Nika) F. Aldrich, Jr.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500

Steven J. Fineman (#4025)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
920 North King St.
Wilmington, Delaware 19801
(302) 651-7700
fineman@rlf.com
rawnsley@rlf.com

*Attorneys for Plaintiffs St. Jude Medical,
Cardiology Division, Inc., St. Jude Medical
Systems A B, and St. Jude Medical S.C., Inc.*

Dated: April 19, 2012

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS ............................................................... 1

SUMMARY OF ARGUMENT ............................................................................................... 2

STATEMENT OF FACTS ...................................................................................................... 2

    A.    Mr. Nixon's Proffered Report ................................................................................ 2
    B.    Volcano's Disregard of Judge Robinson's Patent Guidelines ............................... 5
    C.    St. Jude's Emergency Motion ................................................................................ 6

ARGUMENT ........................................................................................................................... 6

    A.    Legal Standard Governing *Daubert* Motions ....................................................... 6
    B.    Mr. Nixon's Report, Opinions, And Proffered Trial Testimony Should Be
          Stricken. ................................................................................................................. 9

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ADC Telecomms., Inc. v. Switchcraft, Inc.*,
No. 04-1590, 2007 WL 6347404 (D. Minn. Jan. 8, 2007) .................................................... 10

*Arthrocare Corp. v. Smith & Nephew, Inc.*,
No. 01-504-SLR, 2003 WL 1905636 (D. Del. Apr. 14, 2003) ............................................... 8

*Berckeley Inv. Grp., Ltd. v. Colkitt*,
455 F.3d 195 (3d Cir. 2006) ............................................................................................... 6, 7

*CNH Am., LLC v. Kinze Mfg., Inc.*,
No. 08-945-GMS (D. Del. Jan. 5, 2011) ............................................................................ 7, 9

*Corning Inc. v. SRU Biosystems*,
No. 03-633-JJF, 2004 WL 5523178 (D. Del. Nov. 5, 2004) .................................................. 8

*FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.*,
695 F. Supp. 2d 216 (W.D. Pa. 2010) .................................................................................... 7

*Harrah's Entm't, Inc. v. Ace Am. Ins. Co.*,
100 Fed. App'x 387 (6th Cir. 2004) ....................................................................................... 8

*Hygh v. Jacobs*,
961 F.2d 359 (2d Cir. 1992) ................................................................................................... 8

*LP Matthews LLC v. Bath & Body Works, Inc.*,
458 F. Supp. 2d 198 (D. Del. 2006) ....................................................................................... 8

*Medtronic Vascular v. Boston Scientific*,
No. 98-478, 2005 WL 6199230 (D. Del. Jan. 5, 2005) .......................................................... 8

*NTP, Inc. v. Research In Motion, Ltd.*,
418 F.3d 1282 (Fed. Cir. 2005) ............................................................................................ 10

*On Demand Machine Corp. v. Ingram Indus., Inc. & Lightning Source, Inc.*,
No. 4:01-CV-01668 (E.D. Mo. Feb. 8, 2004) ...................................................................... 10

*Ondeo Nalco Co. v. EKA Chems., Inc.*,
No. 01-537-SLR, 2003 WL 1524658 (D. Del. Mar. 21, 2003) ........................................... 7, 9

*S.O.I.Tec Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*,
745 F. Supp. 2d 489 (D. Del. 2010) ....................................................................................... 7

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
  550 F.3d 1356 (Fed. Cir. 2008)......................................................................................8

*Syngenta Seeds, Inc. v. Monsanto Co.*,
  No. 02-1331-SLR, 2004 WL 2106583 (D. Del. Sept. 8, 2004)..............................7, 8

**STATUTES & RULES**

37 C.F.R. § 1.56............................................................................................................................3

Fed. R. Civ. P. Rule 26(a)(2)(B)....................................................................................................2

Fed. R. Evid. 702 ..........................................................................................................................6

Fed. R. of Evid. 704(a)..................................................................................................................6

Judge Robinson's *Additional Civil Trial Guidelines for Patent Cases* ........................................5

## INTRODUCTION

Plaintiffs St. Jude Medical, Cardiology Division, Inc., St. Jude Medical Systems AB, and St. Jude Medical S.C., Inc. (collectively, "St. Jude") submit this opening brief in support of their motion to strike the expert report, opinions, and proffered trial testimony of defendant Volcano Corporation's ("Volcano") patent law expert, attorney Larry S. Nixon. Notwithstanding Judge Robinson's *Additional Civil Trial Guidelines for Patent Cases*, the inadmissibility of expert testimony on substantive patent law, and this jurisdiction's disfavor of experts on U.S. Patent & Trademark Office procedures, Volcano retained Mr. Nixon to testify about patent practice and procedure and other questions of law. Mr. Nixon's opinions are not admissible under *Daubert* or Fed. R. Evid. 702, and should not be presented to the jury or the Court.

## NATURE AND STAGE OF THE PROCEEDINGS

St. Jude filed its original Complaint against Volcano on July 27, 2010. (D.I. 1.) St. Jude's Complaint alleged infringement of five patents, each of which relates to intravascular guide wires used to measure blood pressure.

Volcano filed its Answer to the Complaint with Counterclaim (the "Answer") against St. Jude on September 20, 2010. (D.I. 8.) Volcano subsequently filed an Amended Answer to Complaint and Counterclaim on October 8, 2010 (the "Amended Answer") (D.I. 12), which St. Jude responded to by filing a Joint Answer to Volcano's First Amended Answer to Complaint for Patent Infringement and Counterclaims (the "Counterclaim Answer") on November 15, 2010. (D.I. 14.) On December 9, 2010, Volcano filed its Response to St. Jude's Joint Answer and Counter-Counterclaims to First Amended Answer. (D.I. 17.)

On May 2, 2011, Volcano filed an unopposed motion to amend its Amended Answer, which was granted on May 5, 2011; Volcano's Second Amended Answer to Complaint with Counterclaims ("Volcano's Second Amended Answer") was filed that same day. (D.I. 37; 39.)

On October 21, 2011, St. Jude filed a motion for Leave to File an Amended Complaint, Answer and Counterclaims (D.I. 90), which was granted in part and denied in part on April 4, 2012. (D.I. 181.) On February 3, 2012, St. Jude submitted an emergency email pursuant to Judge Robinson's procedures seeking to strike Mr. Nixon's report before St. Jude incurred the costs of retaining its own expert. Judge Robinson denied the motion and advised that the request should be brought by motion. (*See* Section C below.) On March 9, 2012, this action was transferred from Judge Robinson to Judge Andrews. Mr. Nixon was deposed on March 29, 2012, and *Daubert* motions must be filed before June 22, 2012. (*Id.*)

## SUMMARY OF ARGUMENT

No circumstances in this action warrant the opinions and testimony of a "patent law expert."         REDACTED         , Mr. Nixon's report lacks the analysis of the facts that is the hallmark of a true expert report. At trial, Mr. Nixon would be incapable of testifying except to repeat the opinions of Volcano's technical expert and to recite legal conclusions and case law found in his report. This Court is more than capable of applying the law and forming its own legal conclusions without Mr. Nixon's assistance. His testimony and report should therefore be excluded.

## STATEMENT OF FACTS

### A. Mr. Nixon's Proffered Report

On February 1, 2012, Volcano served the "Expert Report of Larry S. Nixon Pursuant to Fed. R. Civ. P. Rule 26(a)(2)(B)" (the "Report," Ex. A[1]). Mr. Nixon is a patent lawyer whom Volcano has retained as a testifying expert witness.      REDACTED

---

[1] Exhibits cited herein may be found attached to the Declaration of Tamar Duvdevani, filed contemporaneously herewith.

REDACTED

---

[2] The "Corl Patent" is U.S. Patent No. 5,175,827 that Volcano contends is prior art to the "Tenerz Patents," U.S. Patent Nos. 6,112,598 and 6,167,763.

REDACTED

In other words, Mr. Nixon opines on (1) on technical questions outside his expertise, and (2) pure issues of patent law premised on Volcano's factual assumptions.

REDACTED

---

[3] Mr. Nixon bases his opinion on his experience as a practitioner in the USPTO, but not as one of ordinary skill in the art.

### B. Volcano's Disregard of Judge Robinson's Patent Guidelines

At the time Volcano served the Report, Judge Robinson's *Additional Civil Trial Guidelines for Patent Cases* (the "Guidelines") governed this action. The Guidelines provide, in relevant part, as follows:

> **Expert testimony.** In view of the fact that the jury is shown "An Introduction to the Patent System," expert testimony from attorneys regarding patent practice and procedure is not required and will not be permitted except for extraordinary circumstances. "Expert" legal testimony (as opposed to technical testimony) on such substantive issues as invalidity (by anticipation, obviousness, on-sale bar, prior conception, etc.) and claim construction and infringement, generally is not admitted, as descriptions of the law and instructions on the law are matters for the court.

The morning after St. Jude received and reviewed Mr. Nixon's report, it contacted Volcano by e-mail and stated:

> Larry Nixon's report is contrary to the Court's rules forbidding patent law experts, and absent Volcano agreeing to withdraw the report, St. Jude will make an emergency motion to strike it. Please let us know no later than close of business today whether Volcano agrees to withdraw Mr. Nixon's report. If not, please provide us times by Friday, February 3 to meet and confer about this issue.

(Ex. B.) In response, Volcano stated, "We disagree that Mr. Nixon's report is 'contrary to the Court's rules forbidding patent law experts,' but please provide any authority you believe supports your position, and we will consider it." (*Id.*, Ex. C.) St. Jude accordingly responded by attaching the Guidelines. (*Id.*, Ex. D.) Volcano thanked St. Jude for sending the Patent Guidelines, but asked where St. Jude's counsel found the Guidelines. (*Id.*, Ex. E.) St. Jude informed Volcano that the Guidelines were located on the section for Judge Robinson's chambers on the Delaware District Court website. (*Id.*, Ex. F.) In a subsequent meet-and-confer, Volcano, now having reviewed the Guidelines, asserted for the first time that extraordinary circumstances justified the Report.

### C. St. Jude's Emergency Motion

After conferring with Volcano and determining that the parties had reached an impasse, St. Jude filed an E-mail Request for Emergency Relief with Judge Robinson, setting forth St. Jude's position that Mr. Nixon's legal-opinion expert report on PTO procedures, materiality of an allegedly withheld reference, inequitable conduct, and the term of a patent was contrary to the Guidelines. (Ex. G (2/3/2012 E-mail Request for Emergency Relief).) On February 13, 2012, Judge Robinson ruled that the issue would require briefing, but, citing the Guidelines, confirmed that "[a]bsent a showing of 'extraordinary circumstances,' the court will not allow the expert report of a patent attorney." No such extraordinary circumstances exist here.

## ARGUMENT

### A. Legal Standard Governing *Daubert* Motions

Fed. R. Evid. 702 governs the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Notably, Rule 702 authorizes the Court to admit expert testimony only if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Accordingly, expert testimony regarding *legal* opinions and conclusions is inappropriate, as the Third Circuit has held that a "District Court must ensure that an expert does not testify as to the governing law of the case." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006). "While Federal Rule of Evidence 704(a) allows an expert witness to give expert testimony that embraces an ultimate issue to be decided by the trier of fact, an expert witness is prohibited from rendering a

legal opinion .... It is the duty of the court, not of any witness, to explain the law to the jury." *FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.*, 695 F. Supp. 2d 216, 221 (W.D. Pa. 2010) (citing *Berckeley Inv. Grp, Ltd.*, 455 F.3d at 217; *United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991)).

REDACTED

As such, even if "patent law experts" were permitted under Fed. R. Evid. 702, Mr. Nixon's knowledge is no more specialized than any patent attorney who is familiar with USPTO procedures and relies on opinions of federal courts to advocate a legal position.

This Court routinely excludes the testimony of "experts" like Mr. Nixon, who are retained in patent cases to discuss various aspects of USPTO procedure. *See Syngenta Seeds, Inc. v. Monsanto Co.*, No. 02-1331-SLR, 2004 WL 2106583, at *1–2 (D. Del. Sept. 8, 2004) (striking reports that "provide[d] a general overview of patent law and the PTO," discussed "specific PTO procedures with respect to continuing patent applications, double patenting and interference," and related "the prosecution history of the three patents at issue and the role prior history played in the 10 years of prosecution"); *S.O.I.Tec Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, 745 F. Supp. 2d 489, 507 n.16 (D. Del. 2010) (denying motion to admit testimony of expert in USPTO procedures, since "[t]he court does not allow patent law experts to testify; this case presents no grounds for exception to the court's practice in this regard"); *Ondeo Nalco Co. v. EKA Chems., Inc.*, No. 01-537-SLR, 2003 WL 1524658, at *3 (D. Del. Mar. 21, 2003) (striking expert report of patent attorney who was "not a technical expert in the relevant field" but who offered testimony on the prosecution history of the patents-in-suit); *CNH Am., LLC v. Kinze Mfg., Inc.*, No. 08-945-GMS, at 74:10-13 (D. Del. Jan. 5, 2011)

(TRANSCRIPT) (pre-trial conference) (explaining that prohibition on expert testimony on patent law generally extends to testimony on USPTO procedures in particular);[4] *Corning Inc. v. SRU Biosystems*, No. 03-633-JJF, 2004 WL 5523178, at *1 (D. Del. Nov. 5, 2004) (granting motion to exclude expert report because it dealt "primarily with internal patent office procedures").

Likewise, this Court routinely excludes the testimony of experts who testify on substantive areas of patent law. *See Syngenta Seeds, Inc.*, 2004 WL 2106583, at *1–2 (excluding expert report offering conclusion on inequitable conduct); *Medtronic Vascular v. Boston Scientific*, No. 98-478, 2005 WL 6199230, at *1 (D. Del. Jan. 5, 2005) (granting motion *in limine* to exclude testimony of patent law expert); *Arthrocare Corp. v. Smith & Nephew, Inc.*, No. 01-504-SLR, 2003 WL 1905636, at *1 (D. Del. Apr. 14, 2003) (same); *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 198, 210 (D. Del. 2006) (excluding expert testimony under *Daubert* because "[u]nder the court's guidelines, so-called patent law experts have a very limited role at trial").

Indeed, federal courts nationwide reject expert testimony concerning legal opinions and conclusions. *See, e.g., Harrah's Entm't, Inc. v. Ace Am. Ins. Co.*, 100 Fed. App'x 387, 394 (6th Cir. 2004) (affirming district court's decision to exclude expert testimony on the basis that it "amounted to nothing more than legal conclusions"); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364–65 (Fed. Cir. 2008) ("Allowing a patent law expert without any technical expertise to testify on the issues of infringement and validity amounts to nothing more than advocacy from the witness stand."); *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) (citing cases from the Second, Sixth, and Eighth circuits and noting that "[t]his [C]ircuit is in

---

[4] The relevant excerpts from this transcript cited herein are attached to this brief as Exhibit 1.

accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion").

### B. Mr. Nixon's Report, Opinions, And Proffered Trial Testimony Should Be Stricken.

Mr. Nixon's Report should be excluded because he intends to testify as a legal expert on substantive patent issues and USPTO procedures such as the materiality of an allegedly withheld reference and the term of a patent. Even a cursory review of Mr. Nixon's Report reveals it to be a legal opinion that is based on his experience as a patent attorney

REDACTED

Indeed, there is no attempt to hide the fact that the Report runs afoul of the Guidelines implemented by Judge Robinson and related authority precluding this type of testimony: Mr. Nixon's first proffered topic is REDACTED

Mr. Nixon fares no better upon a closer reading of the Report:

REDACTED

Other courts—including the District of Delaware—have excluded Mr. Nixon's opinions, often for the same reasons advanced by St. Jude here. *See, e.g., CNH Am., LLC v. Kinze Mfg., Inc.*, No. 08-945-GMS, at 73:24 to 74:17 (D. Del. Jan. 5, 2011) (TRANSCRIPT) (pre-trial conference) (excluding expert testimony of Larry S. Nixon consistent with Court's practice of

not allowing patent law experts); *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1325 (Fed. Cir. 2005) (finding district court acted within its discretion in excluding the testimony of Mr. Nixon, "who would have testified on behalf of [defendant] that under the district court's claim construction, the claims were invalid for want of an adequate written description"); *ADC Telecomms., Inc. v. Switchcraft, Inc.*, No. 04-1590, 2007 WL 6347404, at *2 (D. Minn. Jan. 8, 2007) ("Defendant Switchcraft's Daubert Motion to Exclude Testimony of Plaintiff's Expert, Larry S. Nixon, Regarding Obviousness Invalidity of Patent Claims is GRANTED"); *On Demand Machine Corp. v. Ingram Indus., Inc. & Lightning Source, Inc.*, No. 4:01-CV-01668 (E.D. Mo. Feb. 8, 2004) (docket text order) (granting motion in limine to exclude opinion testimony of Mr. Nixon addressing the state of the law or legal conclusions). His opinions on the state of the law, patent practice, and legal conclusions should be excluded here as well.

All of Mr. Nixon's opinions are based on his experience as an "experienced patent prosecution" lawyer; none reflects an "extraordinary circumstance" that would otherwise permit the testimony of a patent lawyer. The jury can view the Federal Judicial Center's "An Introduction to the Patent System" video, a tool used by Judge Robinson, to learn how the USPTO operates, and Volcano can explain its invalidity theories without the aid of legal expert testimony. Mr. Nixon's testimony is accordingly unnecessary, will not assist the trier of fact, and should be excluded.

## CONCLUSION

For the foregoing reasons, St. Jude respectfully requests that the Court grant St. Jude's motion.

| | |
|---|---|
| OF COUNSEL: | /s/ Steven J. Fineman<br>Steven J. Fineman (#4025)<br>Jason J. Rawnsley (#5379) |
| Drew M. Wintringham, III<br>Stuart E. Pollack<br>Monica Thompson<br>Tamar Duvdevani<br>Eric Lerner<br>Nicholas (Nika) F. Aldrich, Jr.<br>DLA PIPER LLP (US)<br> 1251 Avenue of the Americas<br>New York, NY 10020<br>(212) 335-4500 | RICHARDS, LAYTON & FINGER, P.A.<br>920 North King St.<br>Wilmington, Delaware 19801<br>(302) 651-7700<br>fineman@rlf.com<br>rawnsley@rlf.com<br><br>*Attorneys for Plaintiffs St. Jude Medical,*<br>*Cardiology Division, Inc., St. Jude Medical*<br>*Systems A B, and St. Jude Medical S.C., Inc.* |

Dated: April 19, 2012

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to counsel of record, and have sent a true and correct copy by electronic mail to the following:

> Thomas Lee Halkowski, Esquire
> Fish & Richardson P.C.
> 222 Delaware Avenue, 17th floor
> P. O. Box 1114
> Wilmington, DE 19899-1114

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
fineman@rlf.com