## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. JUDE MEDICAL, CARDIOLOGY DIVISION, INC., ST. JUDE MEDICAL SYSTEMS AB, and ST. JUDE MEDICAL S.C., INC., | ) ) ) ) ) | C.A. No. 10-631-RGA |
| Plaintiffs, | ) ) | **REDACTED** |
| v. | ) ) | **PUBLIC VERSION** |
| VOLCANO CORPORATION, | ) ) ) | |
| Defendant. | ) | |

### PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE THE EXPERT REPORT OF DEFENDANT'S PATENT LAW EXPERT

OF COUNSEL:
Drew M. Wintringham, III
Stuart E. Pollack
Monica Thompson
Tamar Duvdevani
Eric Lerner
Nicholas (Nika) F. Aldrich, Jr.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500

Dated: May 17, 2012

Steven J. Fineman (#4025)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
920 North King St.
Wilmington, Delaware 19801
(302) 651-7700
fineman@rlf.com
rawnsley@rlf.com

*Attorneys for Plaintiffs St. Jude Medical, Cardiology Division, Inc., St. Jude Medical Systems A B, and St. Jude Medical S.C., Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION .......................................................................................................................1

ARGUMENT ...............................................................................................................................3

I.    MR. NIXON'S REPORT, OPINIONS, AND PROFFERED TRIAL TESTIMONY SHOULD BE STRICKEN ........................................................................3

     A.    Substantive Patent Law Experts Are Disallowed In This District, And Volcano Concedes As Much ...........................................................................3

     B.    Expert Testimony On PTO Procedures Is Contrary To Judge Robinson's Guidelines .....................................................................................5

     C.    Mr. Nixon Lacks The Technical Expertise to Opine on Any Non-PTO-Procedure Issues From His Report ...................................................................6

CONCLUSION ............................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brigham & Woman's Hosp., Inc. v. Teva Pharm. USA, Inc.*,
   Civ. No. 08-464, 2010 WL 3907490 (D. Del. Sept. 21, 2010) .................................................. 4

*Proctor & Gamble Co. v. Teva Pharm. USA, Inc.*,
   Civ. No. 04-940, 2006 WL 2241018 (D. Del. Aug. 4, 2006) .................................................... 4

*Revlon Consumer Prods. Corp. v. L'Oreal, S.A.*,
   Civ. No. 96-192, 1997 WL 158281 (D. Del. Mar. 26, 1997) .................................................... 4

**STATUTES & RULES**

Fed. R. Evid. 702 ................................................................................................................ 1, 2, 5

## INTRODUCTION

In their opening brief, the St. Jude Plaintiffs demonstrated that Defendant Volcano Corporation's report, opinions, and proffered trial testimony of its patent law expert, attorney Larry S. Nixon, should be stricken because Mr. Nixon's opinions:

1) are not admissible under *Daubert* or Fed. R. Evid. 702,

2) are contrary to the guidelines in place at the time of the submission, and

3) should not be presented to the jury or to the Court.

Specifically, and notwithstanding Judge Robinson's *Additional Civil Trial Guidelines for Patent Cases* (the "Guidelines"), Volcano served a report that set forth pure issues of patent law (including patent practice and procedure) premised, at least in large part, on Volcano's own factual assumptions. The then-presiding judge expressly precluded expert testimony on these topics absent "extraordinary circumstances" that do not exist here.

In addition, St. Jude has shown that Mr. Nixon opined on technical matters outside the scope of any expertise he holds—and that Mr. Nixon instead relies on another Volcano expert, firmly establishing that Mr. Nixon's testimony is not permissible, let alone useful, under applicable federal authority.

In its opposition to St. Jude's motion, Volcano never explains why it did not abide by the Court's Guidelines in submitting the Nixon Report. Instead, Volcano offers several halfhearted defenses of its patent law expert submission.[1] First, Volcano asserts that this action, which

---

[1] Indeed, Volcano's brief focuses primarily on its "cross-motion" to strike St. Jude's "inequitable conduct" reports and its desire to remove inequitable conduct from the case until after trial, which St. Jude will oppose in due course. Notably, however, Volcano opens its brief opposing St. Jude's motion to strike the Nixon Report and asserting that "St. Jude now moves to exclude Volcano's *lone* expert report on inequitable conduct" and then, six pages later, inconsistently asserts that "expert testimony on intent, including in the context of inequitable conduct, is universally disfavored, including in this court." (Volcano Br. [D.I. 207] at 1, 7.) By

concerns fairly routine issues of patent prosecution that do not require expert testimony, has "unusual factual circumstances surrounding" St. Jude's patents that require a patent lawyer expert. This is simply not the case.

As revealed on pages 4-5 of Volcano's brief, which lays out the same facts that Mr. Nixon discusses to draw legal conclusions in his capacity as a patent lawyer, the Nixon Report is no more than a legal brief disguised as an expert report. Volcano seeks to justify only a small portion of Mr. Nixon's testimony by providing a string citation of decisions allowing experts to testify on USPTO procedure and practice. Yet, the Guidelines precluding testimony on USPTO procedure were in place at the time the report was served.

Second, Volcano also ignores this District's general disfavor of patent-lawyer experts. Moreover, Volcano's multiple case citations are to decisions that strike all but the PTO procedure sections of the disputed patent law expert reports, implicitly acknowledging that the bulk of Mr. Nixon's opinions do not belong in this case.

Third, Volcano acknowledges that it intends to offer Mr. Nixon to provide testimony on specialized facts in this case regarding the import of certain decisions made by foreign examiners in international and foreign search reports. This testimony is *not* part of the USPTO procedure and practice section in Mr. Nixon's report, and *is* the very type of testimony that courts generally disallow.

Finally, Volcano contends that Mr. Nixon is qualified because he is a "seasoned" patent attorney who relies on his own technical expertise. The former is irrelevant as Fed. R. Evid. 702 does *not* permit expert testimony as to legal conclusions, and the latter is contradicted by Mr. Nixon's own report and his deposition testimony, where he admits that he does *not* have the

---

Volcano's own arguments, a large portion of the Nixon Report should be stricken, if the Report is not stricken in its entirety.

-2-

technical expertise necessary to opine in this case and is merely parroting the testimony of Volcano's technical experts.

Mr. Nixon's opinions should be stricken and St. Jude's motion should be granted.

## ARGUMENT

### I. MR. NIXON'S REPORT, OPINIONS, AND PROFFERED TRIAL TESTIMONY SHOULD BE STRICKEN

#### A. Substantive Patent Law Experts Are Disallowed In This District, And Volcano Concedes As Much.

Mr. Nixon's Report should be excluded because he intends to testify as a legal expert on, among other topics,

REDACTED

St. Jude has provided the Court with ample and compelling authority excluding the testimony of patent law experts who testify on such substantive areas of patent law (Op. Br. [D.I. 191] at 7–8)—and so has Volcano. Indeed, Section III(A) of Volcano's brief contains a lengthy string citation of decisions that granted motions to strike the reports of patent lawyer experts

---

[2] The "Corl Patent" is U.S. Patent No. 5,175,827 that Volcano contends is prior art to the "Tenerz Patents," U.S. Patent Nos. 6,112,598 and 6,167,763.

-3-

similar to the one Volcano submitted here, except for the sections of Volcano's submission that describe PTO practices and procedures. (*See* Volcano Br. [D.I. 207] at 2–3). These decisions striking the reports of patent lawyer experts, all of which involve patent attorney experts (and not technical experts opining on facts relating to inequitable conduct), strike such topics as:

(1) inequitable conduct, duties of disclosure and inquiry in patent prosecutions, and obviousness-type double patenting (*Brigham & Woman's Hosp., Inc. v. Teva Pharm. USA, Inc.*, Civ. No. 08-464, 2010 WL 3907490, at *1–2 (D. Del. Sept. 21, 2010) ("[I]in this district parties are generally not permitted to explain patent prosecution histories through expert testimony"));

(2) general legal conclusions and substantive issues of patent law (*Proctor & Gamble Co. v. Teva Pharm. USA, Inc.*, Civ. No. 04-940, 2006 WL 2241018, at *1 (D. Del. Aug. 4, 2006)); and

(3) proposed testimony regarding the duties and responsibilities of an inventor, his or her attorney or agent, and others substantively involved in the prosecution of a patent application (*Revlon Consumer Prods. Corp. v. L'Oreal, S.A.*, Civ. No. 96-192, 1997 WL 158281, at *3 (D. Del. Mar. 26, 1997); *see also* additional cases cited by Volcano at pages 2–3 of its brief, all of which strike patent law expert reports on substantive areas of patent law and legal conclusions.)

As explained in their opening brief, the St. Jude plaintiffs requested that Volcano withdraw Mr. Nixon's expert report. (*See* Duvdevani Decl. [D.I. 192] Exs. B–E.) Volcano refused, necessitating St. Jude to file an emergency e-mail application to Judge Robinson, file the instant motion, and spend significant resources taking Mr. Nixon's deposition regarding substantive patent-law issues that Mr. Nixon never should have opined upon. Yet now, Volcano in effect admits that all but Section IV(A) (pages 3–7) of the Nixon Report should be stricken.

By ignoring Judge Robinson's Guidelines, Volcano has wasted the Court's and St. Jude's resources, and its patent-law expert report should be stricken.

### B. Expert Testimony On PTO Procedures Is Not Helpful and Contrary To The Guidelines In Place At The Time Of Volcano's Submission.

Though some judges may allow patent lawyer experts to opine on USPTO practice and procedure to the extent that the Court deems it useful, Mr. Nixon's testimony on PTO practice and procedure will *not* help the fact-finder.

As is the case with virtually all cases in this District (and in other jurisdictions as well), the jury can view the Federal Judicial Center's "An Introduction to the Patent System" video to learn how the USPTO operates, and Volcano can explain its invalidity theories without the aid of legal expert testimony. Indeed, Judge Robinson regularly uses the video and prohibits testimony of the type that Volcano seeks to introduce through Mr. Nixon. Volcano refuses to acknowledge in its briefing that it submitted Mr. Nixon's expert report opining on this topic in direct contravention of Judge Robinson's Guidelines, which were in place at the time.[3]

Volcano should not be permitted to disregard court guidelines and retroactively seek to justify its behavior, particularly when the USPTO practice and procedure portion of Mr. Nixon's report holds no value to the trier of fact. *See* Fed. R. Evid. 702. The patent attorneys representing both sides can explain USPTO procedures, if any additional information is needed beyond what is provided in the Federal Judicial Center video. Volcano seeks to put a legal advocate—Mr. Nixon—into the witness box, creating the appearance that Mr. Nixon is an independent expert who is not part of Volcano's legal team. His testimony is accordingly prejudicial, unnecessary, and of no assistance to the trier of fact, and should thus be excluded.

---

[3] As shown in Exhibits B–E of the April 19, 2012 Declaration of Tamar Duvdevani [D.I. 192] submitted in support of St. Jude's Motion, it was not until St. Jude's counsel brought the Guidelines to Volcano's attention that Volcano asserted that the report was justified due to "extraordinary circumstances."

### C. Mr. Nixon Lacks The Technical Expertise to Opine on Any Non-PTO-Procedure Issues Addressed In His Report.

Courts, including the District of Delaware, have excluded expert reports and opinions similar to those Mr. Nixon offers here—including reports that Mr. Nixon has sought to proffer in other cases—often for the same reasons advanced by St. Jude in the instant motion. *See* Op. Br. [D.I. 191] at 9–10. Mr. Nixon's opinions are based on his experience as an "experienced patent prosecution" lawyer—albeit one who has never worked at the PTO. Mr. Nixon is not an expert on the relevant technology, holds a master's degree in electrical, not mechanical, engineering, and has not held even an electrical engineering job since finishing his master's degree in 1966. (Report [D.I. 192 at Ex. A] at 1; Nixon Tr. [D.I. 192 at Ex. H] at 7:13–18.) Mr. Nixon admitted in his deposition that he has no relevant technical expertise, and that, when questioned about the technology of at least one of the patents in suit, stated that he "would leave that to the more qualified technical experts." (Nixon Tr. [D.I. 192 at Ex. H] at 131:6–7.) Volcano's statement that Mr. Nixon offers his opinion "based on his own technical expertise" is simply contradicted by the record. (Volcano Br. [D.I. 207] at 6.) The authority cited in St. Jude's opening brief supports striking Mr. Nixon's report given his lack of requisite technical expertise, and Volcano has not rebutted such case law.

### CONCLUSION

For the foregoing reasons, St. Jude respectfully requests that the Court grant St. Jude's motion.[4]

---

[4] Section IV of Volcano's brief asserts that to the extent Mr. Nixon's report is stricken, the Court should strike Mr. Love's report as well. John Love was retained as a rebuttal expert to Mr. Nixon once Volcano refused to withdraw the Nixon Report. As St. Jude already indicated to Volcano, St. Jude will voluntarily withdraw Mr. Love's report if this motion is granted.

-6-

OF COUNSEL:

Drew M. Wintringham, III
Stuart E. Pollack
Monica Thompson
Tamar Duvdevani
Eric Lerner
Nicholas (Nika) F. Aldrich, Jr.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500

Dated: May 17, 2012

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
920 North King St.
Wilmington, Delaware 19801
(302) 651-7700
fineman@rlf.com
rawnsley@rlf.com

*Attorneys for Plaintiffs St. Jude Medical, Cardiology Division, Inc., St. Jude Medical Systems A B, and St. Jude Medical S.C., Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to counsel of record, and have sent a true and correct copy by electronic mail to the following:

> Thomas Lee Halkowski, Esquire
> Fish & Richardson P.C.
> 222 Delaware Avenue, 17th floor
> P. O. Box 1114
> Wilmington, DE 19899-1114

/s/ *Steven J. Fineman*
Steven J. Fineman (#4025)
fineman@rlf.com