IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ST. JUDE MEDICAL, et al., :
                                    :
           Plaintiffs, :
                                    :
          v. :     Civil Action No. 10-631-RGA
                                    :
VOLCANO CORPORATION, :
                                    :
           Defendant. :

**MEMORANDUM OPINION**

    Steven J. Fineman, Esq., Richards, Layton & Finger, Wilmington, Delaware; Drew M. Wintringham, Esq. (argued), DLA Piper LLP, New York City, New York; Attorneys for Plaintiffs.

    Thomas L. Halkowski, Esq., Fish & Richardson, Wilmington, Delaware; Michael M. Rosen, Esq. (argued), Fish & Richardson, San Diego, California; Attorneys for Defendant.

June 5, 2012
Wilmington, Delaware

ANDREWS, U.S. DISTRICT JUDGE,

The Plaintiffs have filed objections (D.I.139) to a decision of the United States Magistrate Judge. (D.I. 136). The Defendant has responded. (D.I. 151). And so on. (D.I. 164, 177). The Court has heard argument on the objections. (D.I. 220). The matter is now before this Court for a decision.

The Magistrate Judge had authority to make the decision pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that "a [district] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court [other than certain specified matters including injunctive relief, judgment on the pleadings, summary judgment, class action status, Rule 12(b)(6) motions, and involuntary dismissal]." Such a designation was made in regard to discovery. (D.I. 19, ¶5(g)). The decision is subject to review pursuant to 28 U.S.C. § 636(b)(1)(A), which further provides that the district judge "may reconsider any pretrial matter . . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Thus, findings of fact are reviewed for clear error. Review of the factual determinations is limited to the record that was before the magistrate judge. Determinations of applicable legal standards are reviewed for error. There are also decisions that involve the exercise of discretion, and discretionary decisions are reviewed for abuse of discretion. "This deferential standard of review is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" *Cooper Hospital/University Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting another District of New Jersey case).

The instant matter involves the Magistrate Judge's decision in regard to a discovery

dispute. The Magistrate Judge has excluded certain prior art evidence for discovery violations. The Magistrate Judge has managed this case for more than a year. She has a thorough knowledge of the proceedings. The parties had as of the date of the oral argument "been before [the Magistrate Judge] on eleven different motions." (D.I. 220, p. 37.)[1] This seems the prototypical case in which deference to the Magistrate Judge's decision is appropriate.

The Plaintiffs provided extensive factual information with their expert disclosures on February 1, 2012. (D.I. 151, ¶¶ 6-8, 14-15). It was their conscious choice to do so. (*See* D.I. 220, p.67, ll. 4-6). The Court's scheduling order provided that: "All fact discovery shall be commenced in time so as to be completed by November 4, 2011." (D.I. 19, p. 2). Plaintiffs did not start looking for relevant prior art factual information in regard to their invalidity arguments about the Defendant's '994 patent until October 18, 2011. (D.I. 220, p. 36; D.I. 140, ¶ 10). Plaintiffs' invalidity contentions (dated August 1, 2011) were useless in terms of giving Defendant any information about what theories they would actually pursue, as they included as invalidating prior art 100 patents, 21 publications, and 92 prior art systems. (D.I. 151, Exh. A, pp. 13-21; D.I. 171-3, p.88 ("it was up to [the Plaintiffs] to narrow them down and to provide and update factual based discovery and information prior to the time fact discovery closed.")). Buried amidst these invalidating prior art references were the "EP MedSystems Workmate System" and the "GE Prucka Cardiolab 4000/7000 Systems." (D.I. 151, Exh. A, pp. 17-18).

In my opinion, the Magistrate Judge's decision that the Plaintiffs had violated the scheduling order (D.I. 19) was not clearly erroneous, and the decision to exclude the prior art

---

[1] Some of these appearances were after the ruling at issue. Some of them may have been on the papers. The Court's review of the docket confirms, at a minimum, teleconferences and/or arguments on discovery issues on February 11, 2011, September 29, 2011, and November 7, 2011.

(including the videotape of the Prucka Cardiolab (*see* D.I. 151, Exh. 2, ¶8; D.I. 171-3, p.89), the used Prucka Cardiolab system (same), and the EP Workmate source code and related documents (*see* D.I. 151, Exh. 2, ¶¶ 12-14; D.I. 171-3, p.89)), which sanction was tailored to the nature and extent of the violation, was not an abuse of discretion.[2] *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977).

Thus, the objections (D.I. 139) are **OVERRULED**.

---

[2] It is worth noting the obvious: (1) I do not have the history with this case that the Magistrate Judge has; and (2) I therefore cannot say that I would, or would not, have imposed the same sanction that the Magistrate Judge imposed. All I am holding is that, given the wide range of discretion committed to the Magistrate Judge on discovery issues, I do not think that discretion was abused.