IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. JUDE MEDICAL, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 10-631-RGA |
| VOLCANO CORPORATION, | : |
| Defendant. | : |

**ORDER**

Before the Court are two motions. Plaintiff filed a "Motion to Strike the Expert Report of Defendant's Patent Law Expert." (D.I. 190). Defendant filed a "Cross-Motion to Strike Expert Reports of St. Jude's Inequitable Conduct Experts." (D.I. 206).

Upon consideration of both motions and related briefing (D.I. 191, 207, 211, 217 & 222), the Court rules:

1. The Plaintiff's Motion (D.I. 190) is **GRANTED.** The only portion of attorney Nixon's report for which Plaintiff offers any meaningful authority in support of admissibility (that is, about practices and procedures before the USPTO, pp. 3-7 of the report) is akin to a legal brief, and should not be the subject of expert testimony. The balance of the report is also akin to a legal brief. The report is excluded as I do not believe it will assist the trier of fact. *See* Fed. R. Evid. 702.

2. The Defendant's Motion (D.I. 206) is **DENIED IN PART AND DISMISSED IN PART.** Defendant seeks to strike the reports of Love, Mason and Najafi. The motion as to Love is moot in view of the Court's ruling on the Plaintiff's Motion. (*See* D.I. 211, p. 6, n.4). Thus, as to the Love report, the Motion is **DISMISSED** as moot. As to the disputed "third"

Mason report, which Plaintiff represents only relates to its inequitable conduct claims (*see* D.I. 217, pp. 6-14), while there may be some inadmissible portions in it,[1] I believe that some portions are admissible and would assist me as the trier of fact on inequitable conduct. Specific details of admissibility do not need to be resolved now. Thus, as to the third Mason report, the Motion is **DENIED.** As to the Najafi report, Plaintiff also represents that it is only offered for its relevance to inequitable conduct issues. (*See* D.I. 217, pp. 15, 18). There may be some inadmissible (or irrelevant) portions to this report too, but as with the third Mason report, I believe that some portions are admissible and relevant (in support of the idea that two other individuals conceived the invention, and that the named inventors did not have sufficient knowledge to have conceived of the invention)[2] and would assist me as the trier of fact on inequitable conduct, and that specific details of admissibility do not need to be resolved now. Thus, as to the Najafi report, the Motion is **DENIED.**

3. I do not expect that any of the inequitable conduct defenses will be presented to any juries hearing issues in this case, and thus the parties should understand that the third Mason report and the Najafi report and testimony based on them will not be presented to any juries.

4. The Defendant seeks to have inequitable conduct discovery postponed until "after trial." (D.I. 207, p. 20). The Defendant states inequitable conduct discovery is "likely to squander the parties' and the Court's time and resources." (*Id.* at 18-19). The parties appear to have unlimited resources and it does not seem likely that doing inequitable conduct discovery

---

[1] Due the sequencing of the briefing, I do not know whether the exclusion of evidence for discovery violations (D.I. 225) has any impact on the contents of the third report, particularly Part VI of the report. I therefore express no opinion on that.

[2] I surmise that these other two individuals are going to testify that they conceived of the invention. I surmise that the Najafi expert opinion would be in support of their testimony.

now will impact the Court. Thus, the Defendant's request is denied.

June 15, 2012
Date

Richard G. Andrews
United States District Judge