IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. JUDE MEDICAL, et al., | : | |
| Plaintiffs, | : : : | |
| v. | : | Civil Action No. 10-631-RGA |
| VOLCANO CORPORATION, | : : : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Steven J. Fineman, Esq., Richards, Layton & Finger, Wilmington, Delaware; Attorney for Plaintiffs.

Thomas L. Halkowski, Esq., Fish & Richardson, Wilmington, Delaware; Attorney for Defendant.

October 9, 2012
Wilmington, Delaware

*/s/ Richard G. Andrews*
ANDREWS, U.S. DISTRICT JUDGE,

The Plaintiffs have filed objections (D.I.246) to a decision of the United States Magistrate Judge. (D.I. 243, at 65-69). The Defendant has responded. (D.I. 260). The matter is now before this Court for a decision.

The Magistrate Judge had authority to make the decision pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that "a [district] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court [other than certain specified matters including injunctive relief, judgment on the pleadings, summary judgment, class action status, Rule 12(b)(6) motions, and involuntary dismissal]." Such a designation was made in regard to discovery. (D.I. 19, ¶5(g)). The decision is subject to review pursuant to 28 U.S.C. § 636(b)(1)(A), which further provides that the district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Thus, findings of fact are reviewed for clear error. Review of the factual determinations is limited to the record that was before the magistrate judge. Determinations of applicable legal standards are reviewed for error. There are also decisions that involve the exercise of discretion, and discretionary decisions are reviewed for abuse of discretion. "This deferential standard of review is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" *Cooper Hospital/University Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting another District of New Jersey case).

The instant matter involves the Magistrate Judge's decision in regard to a discovery dispute. The Magistrate Judge has excluded certain prior art evidence for discovery violations.

The Magistrate Judge has managed this case for well more than a year. She has a thorough knowledge of the proceedings. The parties had as of the date of an earlier oral argument "been before [the Magistrate Judge] on eleven different motions." (D.I. 220, p. 37.)[1] This seems the prototypical case in which deference to the Magistrate Judge's decision is appropriate.

The Plaintiffs provided a video on April 24, 2012, which is said to be a recording of a demonstration of a multi-mode RadiAnalyzer to a medical conference in Paris, France, in May 2001. This video, if allowed at trial, would be offered in support of Plaintiffs' argument that Volcano's '994 patent was invalid as anticipated pursuant to 35 U.S.C. § 102(a) ("the invention was known . . . by others in [the United States]"). The video would thus be a piece of fact discovery. The Court's scheduling order, however, provided that: "All fact discovery shall be commenced in time so as to be completed by November 4, 2011." (D.I. 19, p. 2). Plaintiffs believed, at least as early as August 1, 2011, that the demonstration had occurred. It appears that they also believed it had been recorded, but their attempts to find such a recording were unsuccessful, until the moment when they received the video and promptly produced a copy to Volcano.

The Magistrate Judge's decision, Volcano argues, is of the same nature as the earlier decision to which I overruled the objections. I do not think that is right. Here, Plaintiffs state, and there is no dispute as to this assertion, that they turned over the video as soon as they got it. The first question is whether there is some conduct that constitutes a discovery violation. Defendant relies upon the fact discovery cut-off date. Under its view, if fact discovery was not

---

[1] The Court's review of the docket confirms, at a minimum, teleconferences and/or arguments on discovery issues on February 11, 2011, September 29, 2011, November 7, 2011, February 14, 2012, March 9, 2012, March 23, 2012, March 27, 2012, and April 3 or 4, 2012. The teleconference under review occurred on June 11, 2012.

produced by the cut-off date, it is a violation. Plaintiffs argue that there was no violation, because the scheduling order also provided that: "Supplementations under Rule 26(e) should be made as information becomes available beginning July 2, 2012." (D.I. 19, p. 3). It is hard to know exactly to what this is supposed to apply. It does seem, however, that it did not envision new fact discovery being provided after expert discovery was complete. In context, I think it envisions supplementation of expert reports, most likely in the light of claim construction (which would not occur until September 2012 at the earliest). Further, my reading of Rule 26(e)(1)(A) is that it primarily contemplates supplementation to address earlier responses that are "incomplete or incorrect." (*See* Commentary to 1993 Amendments). It is not an invitation to do further investigation immediately before trial, and then add the fruits of the investigation to the case. Thus, the Magistrate Judge's conclusion that the video was provided after the discovery cut-off and therefore in violation of the Court's Rule 16 Order will be upheld as being not clearly erroneous.

There remains the question of whether exclusion was an abuse of discretion. *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977). It is overlaid with some other issues, including, at this point, whether Plaintiffs could authenticate the video, and whether there's evidence that the demonstration was seen by anyone such that it would make the prior art device something that was known in the United States. Plaintiffs have two witnesses (and during argument before the Magistrate Judge there is discussion of Dr. Pijls and Dr. Debruyne, who may be the two witnesses – whether they are Europeans is unclear). The issue is an important one, because it appears that if the video comes in, and the United States connection can be made, it might very well provide the clear and convincing evidence to invalidate the patent.

Thus, my opinion is that I would benefit from further discussion with counsel, and, due to the impending trial date, will have that conference this week.

Thus, the objections (D.I. 246) are **PARTIALLY OVERRULED**. An order will be entered after the further conference with counsel.