IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. JUDE MEDICAL CARDIOLOGY DIVISION, INC., ST. JUDE MEDICAL SYSTEMS AB, and ST. JUDE MEDICAL S.C., INC., | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 10-631-RGA |
| VOLCANO CORPORATION, | : : | |
| Defendant. | : | |

## ORDER CONCERNING VOLCANO'S MOTIONS FOR SUMMARY JUDGMENT

The Court having considered Volcano's Motions for Summary Judgment (D.I. 270); as well as the papers filed in connection therewith and oral argument;

**IT IS HEREBY ORDERED** that:

1. Volcano's Motion for Summary Judgment That It Does Not Infringe the '598 Patent Under Volcano's Constructions (D.I. 270 § I.a) is **DENIED**.

2. Volcano's Motion for Summary Judgment That It Does Not Infringe the '763 Patent Under Volcano's Constructions (D.I. 270 § I.b) is **GRANTED**. St. Jude proposed no infringement theory under the Court's construction.

3. Volcano's Motion for Summary Judgment That It Does Not Infringe the '083 Patent Under Volcano's Constructions (D.I. 270 § I.c) is **DENIED**.

4. Volcano's Motion for Summary Judgment That It Does Not Infringe Claims 1 or 2 of the '083 Patent Under the Doctrine of Equivalents (D.I. 270 § I.c) is **DENIED**. The Court construed the corresponding structure of the term "information storing means" to be an EPROM.

However, the question of whether EEPROM is a structural equivalent to EPROM under 35 U.S.C. § 112 ¶ 6 is a question of fact for the jury to decide.[1]

5. Volcano's Motion for Summary Judgment That It Does Not Infringe the '624 Patent (D.I. 270 § I.d) is **DENIED**.

6. Volcano's Motions for Summary Judgment That (1) St. Jude Cannot as a Matter of Law Claim an Invention Date for the '598 and '763 Patents Earlier Than June 22, 1995; and (2) St. Jude Cannot as a Matter of Law Establish a Conception Date for Its Asserted '083 Patent Before Its March 25, 1997 Filing Date (D.I. 270 § II.a-b) are **GRANTED**. St. Jude does not contest that the priority date for the '598 and '763 Patents is June 22, 1995 nor does it contest that the priority date for the '083 Patent is March 25, 1997.

7. Volcano's Motion for Summary Judgment That St. Jude Cannot as a Matter of Law Establish That Volcano Concealed Its Prior Invention of '083 Patent (D.I. 270 § II.c) is **DENIED**.

8. Volcano's Motion for Summary Judgment That St. Jude's Accused Products Meet Certain Elements of Volcano's Asserted Patents (D.I. 270 §§ III.a-d) is **DENIED**.

9. Volcano's Motion for Summary Judgment That the Tullberg Thesis was not published prior to December 18, 2001[2] (D.I. 270 § IV.a) is **GRANTED**. The Court has already

---

[1] The Court's initial claim construction order incorrectly stated that "section 112, paragraph 6 precludes inclusion of these non-disclosed memory chips as corresponding structure" (D.I. 383 at ¶ 11). In adopting its construction, the Court had intended to reserve the question of whether an EEPROM is equivalent to an EPROM. The amended claim construction order corrects this misstatement.

[2] Volcano's Motion initially requested summary judgment that the thesis was not published before December 13, 2001. Following additional discovery after the Motion was filed, the parties agree that the relevant date is December 18, not December 13. (D.I. 380 at Tab 11, p. 63 n.19 and 66).

granted Volcano's Motion *in Limine* to preclude St. Jude from presenting at trial any evidence that Mattias Tullberg's master's thesis was published at any time before December 18, 2001.[3] (D.I. 388).

10. Volcano's Motions for Summary Judgment That (1) SmartFlow does not invalidate the '994 Patent (D.I. 270 § IV.b); (2) the Prucka CardioLab/Mac-Lab system, the EP MedSystems' EP-Workmate system, the Hewlett Packard Viridia CT 24 System, the Acuson NT system, the Hitachi 6000 system, the Datex-Ohmeda S/5™ Network and Central System, the Quinton Q-Tel RMS System, and the Toshiba Nemio Ultrasound model 30 system do not invalidate the '994 Patent (D.I. 270 § IV.c); (3) Neither the '669 Patent nor the Tullberg Thesis anticipates the '994 Patent (D.I. 270 § IV.e) are **DENIED**.

10. Volcano's Motion for Summary Judgment That the RadiAnalyzer Does Not Invalidate the '994 Patent (D.I. 270 § IV.d) is **DENIED**.

11. Decision on Volcano's Motion for Summary Judgment That St. Jude Cannot Invalidate the '994 Patent by Showing That It Was Known in the United States on the Basis of an alleged European Demonstration of the RadiAnalyzer with Flow and Temperature Capabilities in 2001 (D.I. 270 § IV.f) is deferred.

Entered this 12th day of October, 2012.

_____
United States District Judge