IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. JUDE MEDICAL, CARDIOLOGY DIVISION, INC., ST. JUDE MEDICAL SYSTEMS AB, and ST. JUDE MEDICAL S.C., INC., <br><br> Plaintiffs, <br><br> v. <br><br> VOLCANO CORPORATION, <br><br> Defendant. | C.A. No. 10-631-RGA |

**ORDER**

The liability portions of this case having been tried pursuant to this Court's Scheduling Order (D.I. 19), and St. Jude having stipulated, under the Court's claim construction, that its PressureWire 4 and 5 series guide wires meet all of the limitations of claims 1, 4, and 5 of Volcano's U.S. Patent No. 6,976,965 (the "'965 Patent"), and this Court having previously reserved the issues of damages and willful infringement for a separate discovery period and trial (D.I. 19):

IT IS ORDERED that:

1. <u>Scope</u>. This Scheduling Order governs the schedule until trial of Volcano's claims for damages and willful infringement of the '965 Patent. This Scheduling Order supersedes the Scheduling Order that governed the liability portion of this case (D.I. 19, as amended).

2. <u>Summary Judgment Regarding the Objective Prong of Willfulness.</u>

  a. **St. Jude's position**. St. Jude shall file a motion for summary judgment, together with an opening brief, regarding the objective prong of

~~willfulness regarding the '965 Patent, on January 4, 2013. Answering briefs shall be filed on February 4, 2013, and reply briefs on February 28, 2013. Opening and answering briefs shall be limited to 20 pages, and reply briefs shall be limited to 10 pages.~~

~~b. **Volcano's position**: Volcano does not oppose St. Jude's filing a single motion for summary judgment on the issue of its willful infringement of the '965 patent at a time of its choosing. St. Jude, however, has confirmed that, if its proposed motion is denied, it reserves the right to file other summary judgment motions, including on the subjective prong of willfulness, after the completion of discovery. Volcano opposes this serial approach.~~

3. Discovery.

    a. Fact Discovery Cut Off. Fact discovery shall commence December 14, 2012. All fact discovery in this case shall be initiated so that it will be completed on or before April 19, 2013.

    b. Document Production. Document production shall be substantially complete by February 18, 2013.

    c. Interrogatories. A maximum of 18 interrogatories, including contention interrogatories, are permitted for each side.

    d. Depositions.

        i. Commencing. Deposition discovery shall commence February 18, 2013.

        ii. Limitation on Hours for Deposition Discovery. Each side is

limited to a total of 35 hours of taking testimony of fact witnesses by deposition upon oral examination.

    e. <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter shall contact [the Court's Case Manager] ~~OR [Magistrate Mary Pat Thynge's Case Manager, to whom discovery disputes are referred]~~ to schedule a conference/argument. Unless otherwise ordered, by no later than ~~forty-eight~~ *96* hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than ~~twenty-four~~ *48* hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

  If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

  4. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

  5. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

  6. <u>Disclosure of Expert Testimony</u>.

3

        a. <u>Expert Reports</u>. For the party who has the initial burden of proof on an issue, the initial Federal Rule 26(a)(2) disclosures (opening expert reports) are due on or before May 14, 2013. The responsive reports are due on or before June 10, 2013. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Depositions of experts shall be completed on or before July 8, 2013.

        b. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    7. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before July 29, 2013. Opposition briefs shall be served and filed on or before August 19, 2013. Reply briefs shall be served and filed on or before August 30, 2013. [handwritten: No summary judgment motions regarding willfulness may be filed until July 29, 2013.] [margin handwritten: Each party is limited to one 20-page opening brief for all of its motions.]

    8. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    9. <u>Pretrial Conference</u>. On [handwritten: December 6], 2013, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at [handwritten: 8:30 a].m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on September 13, 2013. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

10. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to ~~three~~ two *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

11. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. The parties shall file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

12. <u>Trial</u>. This matter is scheduled for a three-day trial beginning at 9:30 a.m. on January 14, 2014, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

/s/ Richard G. Andrews
Honorable Richard G. Andrews
United States District Judge

5