**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ST. JUDE MEDICAL, CARDIOLOGY DIVISION, INC., ST. JUDE MEDICAL SYSTEMS AB, and ST. JUDE MEDICAL S.C., INC., | ) | |
| Plaintiffs-Counter-Defendants, | ) | C.A. No. 10-631-RGA |
| v. | ) | REDACTED VERSION |
| VOLCANO CORPORATION, | ) | |
| Defendant-Counterclaimant. | ) | |

**PARTIES' JOINT PROPOSED FINAL PRETRIAL ORDER – DAMAGES TRIAL**


Steven J. Fineman (#4025)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
fineman@rlf.com
rawnsley@rlf.com

*Attorneys for Plaintiffs-Counter-defendants St. Jude Medical, Cardiology Division, Inc., St. Jude Medical Systems AB, and St. Jude Medical S.C., Inc.*

OF COUNSEL:

John Allcock
Drew M. Wintringham
Stuart Pollack
Tamar Y. Duvdevani
Nicholas F. Aldrich, Jr.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500

Monica Thompson
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
(312) 368-4000

Thomas Lee Halkowski (#4099)
Martina Tyreus Hufnal (#4771)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th floor
P.O. Box 1114
Wilmington, Delaware 19899-1114
(302) 652-5070
halkowski@fr.com
tyreus@fr.com

*Attorneys for Defendant-Counterclaimant Volcano Corporation*

OF COUNSEL:

Frank E. Scherkenbach
FISH & RICHARDSON, P.C.
One Marina Park Drive
Boston, Massachusetts 02210-1878
(617) 542-5070

Todd G. Miller
Michael M. Rosen
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
(858) 678-5070


Dated: September 13, 2013

# TABLE OF CONTENTS


| | | Page |
|---|---|---|
| I. | NATURE OF THE ACTION AND THE PLEADINGS.................. | 1 |
| II. | FEDERAL JURISDICTION ........................................................ | 3 |
| III. | PARTIES JOINT STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF........................................................................................ | 3 |
| IV. | PARTIES JOINT STATEMENT OF FACTS THAT REMAIN TO BE LITIGATED ........................................................................ | 5 |
| | Tab 1 – Volcano Statement of Issues of Fact<br>Tab 2 – St Jude Statement of Issues of Fact | |
| V. | PARTIES' JOINT STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED ................................................................ | 5 |
| | Tab 3 – Volcano Statement of Issues of Law<br>Tab 4 – St Jude Statement of Issues of Law | |
| VI. | PARTIES' PRE-MARKED EXHIBITS.......................................... | 6 |
| | Tab 5 - Volcano Exhibit List<br>Tab 6 - St. Jude Exhibit List | |
| VII. | WITNESSES TO BE CALLED ..................................................... | 8 |
| | Tab 7 - Volcano witness list<br>Tab 8 – St. Jude Witness List | |
| VIII. | PARTIES' BRIEF STATEMENT OF INTENDED PROOFS ......... | 9 |
| | Tab 9 – Volcano Statement of Intended Proofs<br>Tab 10 – St Jude Statement of Intended Proofs | |
| IX. | MISCELLANEOUS ISSUES........................................................ | 9 |
| | A. Stipulated Procedures Concerning Exhibits<br>B. Stipulated Procedures Concerning Witnesses to be called in Person<br>C. Stipulated Procedures Concerning Depositions<br>D. Stipulation Concerning Authenticity/Business Record Status<br>E. Other Disputed Matters | |

F. Motions *in Limine*

Tab 11 – Joint Briefing on St. Jude's Motions *in Limine*

G. Reservation of Rights

X CERTIFICATION OF TWO-WAY COMMUNICATION ............. 15

XI. ORDER TO CONTROL COURSE OF ACTION............................. 15

On December 6, 2013, at 8:30 a.m., counsel for Plaintiffs-Counter-Defendants St. Jude Medical, Cardiology Division, Inc., St. Jude Medical Systems AB, and St. Jude Medical S.C., Inc. (collectively, "St. Jude" or "Plaintiffs") and Defendant-Counterclaimant Volcano Corporation ("Volcano" or "Defendant") will participate in a pretrial conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.3.

The liability portions of this case having been tried pursuant to this Court's Scheduling Order (D.I. 19), and St. Jude having stipulated that, under the Court's claim construction (D.I. 410), its PressureWire 4 and 5 series guide wires meet all of the limitations of claims 1, 4, and 5 of Volcano's U.S. Patent No. 6,976,965 (the "'965 Patent"), (D.I. 470), a three-day trial will take place beginning at 9:30 a.m. on January 14, 2014, regarding an assessment of the amount of damages owed by St. Jude to Volcano for St. Jude's infringement of the '965 Patent and of whether that infringement was willful. The issue of unenforceability of Volcano's patents due to inequitable conduct has been separated out by the Court and reserved for a later date.

The following matters as to the conduct of the trial are hereby ordered by the Court:

## I. NATURE OF THE ACTION AND THE PLEADINGS

1. On July 27, 2010, St. Jude filed its Complaint for Patent Infringement (D.I. 1), in which it alleged that Volcano infringes various patents, each of which relates, generally, to the field of interventional guide wires used in interventional cardiology.

2. On September 20, 2010, Volcano filed its Answer to Complaint for Patent Infringement and Counterclaims, (D.I. 8), in which it alleged, inter alia, that St. Jude infringed Volcano's '965 patent.

3. On November 15, 2010, St. Jude filed Plaintiffs' Joint Answer to Defendant Volcano Corporation's First Amended Answer to Complaint for Patent Infringement and Counterclaims, (D.I. 14), later amended. (D.I. 46, 188.) In its answer, as amended, St. Jude

alleged that 'the '965 Patent is invalid and that St. Jude does not infringe the '965 Patent. St. Jude also asserted defenses of laches, equitable estoppel, and unenforceability due to Volcano's inequitable conduct. St. Jude also counter-claimed for declaratory judgment of non-infringement, invalidity, and unenforceability of the '965 Patent.

4. On October 4, 2012, the Court construed certain disputed claim terms in the '965 patent. (D.I. 434.)

5. On October 21, 2012, the parties entered a joint stipulation that "St. Jude's PressureWire 4 and PressureWire 5 meet the limitations of claims 1, 4, and 5 of United States Patent No. 6,976,965 (the ''965 Patent'), as the terms of that patent have been construed by the Court in this matter," with St. Jude reserving its right to appeal the Court's constructions and denial of its summary judgment motions.

6. On January 4, 2013, Volcano moved for Summary Judgment Of No Unenforceability for Inequitable Conduct Or, in the Alternative, for a Ruling on the Merits of St. Jude's Unenforceability Defense Without a Hearing with respect to St. Jude's allegations that the '965 Patent is unenforceable due to Volcano's inequitable conduct. (D.I. 476.) Briefing on Volcano's motion has been completed. (D.I. 477, 496, 509, 533, 549, 553, 555.) A date for oral argument on Volcano's motion, and a trial (if necessary) on St. Jude's inequitable conduct allegations have not been set.

7. On May 28, 2013, with leave of the Court, St. Jude moved for Summary Judgment of No Willful Infringement of U.S. Patent No. 6,976,965. (D.I. 558.) Briefing on St. Jude's motion has been completed. (D.I. 559, 576, 580.) The Court has not yet ruled on St. Jude's motion.

8. On June 5, 2013, the parties stipulated that Volcano will not seek a reasonable royalty, and neither St. Jude nor Volcano will introduce or use evidence regarding a reasonable royalty, and will not argue a reasonable royalty to the jury or Court, with respect to Volcano's claims for damages for St. Jude's alleged infringement of the '965 Patent. (D.I. 563.)

9. On July 29, 2013, pursuant to the Scheduling Order (D.I. 470 ¶ 7) St. Jude moved for Partial Summary Judgment Limiting Lost Profits Damages (D.I. 582) and to Exclude Improper Opinion Testimony from Volcano's witnesses. (D.I. 590.) Volcano moved to Exclude Improper Expert Testimony of Dr. Arthur Rosenthal Under F.R.E. 702. (D.I. 584.) Briefing on each of these motions has been completed. (D.I. 583, 585, 591, 602, 604, 606, 619, 620, 621.) The Court has not yet ruled on these motions.

10. Pursuant to the Court's Scheduling Order (D.I. 470 ¶ 10) St. Jude has filed two motions *in limine*. Volcano has not filed any motions *in limine*. Briefing on St. Jude's motions *in limine* has been completed, and is attached herewith as Tab 11.

## II. FEDERAL JURISDICTION

11. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## III. PARTIES’ JOINT STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF

### A. Plaintiffs

12. Plaintiff St. Jude Medical, Cardiology Division, Inc., d/b/a St. Jude Medical Cardiovascular Division (“SJM CVD”) is a Delaware corporation, and has its principal place of business at 177 East County Road B, St. Paul, Minnesota 55117.

13. Plaintiff St. Jude Medical Systems AB (i.e., "SJMS AB") is a Swedish corporation, and has its principal place of business at Palmbladsgatan 10, SE-751 35, Uppsala, Sweden.

14. Plaintiff St. Jude Medical S.C., Inc. ("SJM S.C.") is a Minnesota corporation, and has its principal place of business at 807 Las Cimas Parkway, Suite 400, Austin, Texas 78746.

**B. Defendant**

15. Defendant Volcano is a Delaware corporation, and has its principal place of business at 3661 Valley Centre Drive, Suite 200, San Diego, California 92130.

## JURISDICTION AND VENUE

16. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. The Court has personal jurisdiction over St. Jude because St. Jude is doing business in this judicial district.

18. The Court has personal jurisdiction over Volcano because it has consented to personal jurisdiction by pursuing this action against St. Jude for patent infringement in this judicial district.

19. Volcano is a corporation incorporated in the State of Delaware and is doing business in this judicial district, and the Court has personal jurisdiction for these additional reasons.

20. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**THE PATENTS**

**C. Volcano's '965 Patent**

21. The '965 Patent was issued December 20, 2005. It is entitled, "Ultra Miniature Pressure Sensor." The priority filing date claimed by the'965 Patent is September 2, 1994. Paul D. Corl, Robert Obara, and John Ortiz are the named inventors.

22. Volcano is the owner of the entire right, title, and interest in and to the '965 Patent.

**THE ST. JUDE PRODUCTS**

23. St. Jude has made, used, sold and/or offered to sell the PressureWire 5 guidewires in the United States after the issuance of the '965 patent.

24. St. Jude has not made, used, sold and/or offered to sell the PressureWire 4 series guidewire in the United States after the issuance of the '965 Patent. Accordingly, the PressureWire 4 series guidewire does not and has not infringed the '965 Patent.

## IV. PARTIES' JOINT STATEMENT OF FACTS THAT REMAIN TO BE LITIGATED

25. Volcano's Statement of Issues of Fact That Remain To Be Litigated is attached as **Tab 1**.

26. St. Jude's Statement of Issues of Fact That Remain To Be Litigated is attached as **Tab 2**.

## V. PARTIES' JOINT STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED

27. Volcano's Statement of Issues of Law That Remain To Be Litigated is attached as **Tab 3**.

28. St. Jude's Statement of Issues of Law That Remain To Be Litigated is attached as **Tab 4**.

## VI. PARTIES' PRE-MARKED EXHIBITS

29. Volcano's list of exhibits it may offer at trial is attached as **Tab 5**.

30. St. Jude's list of exhibits it may offer at trial is attached as **Tab 6**.

31. The parties reserve the right to supplement and/or amend these exhibit lists, including by omitting or removing exhibits from the lists.

32. Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. Any exhibit, once admitted, may be used equally by each party.

33. Each party reserves the right to object to the use of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered. The presence of an exhibit on a party's list shall not be deemed an admission that the exhibit necessarily can be used by the opposing party at trial.

34. The parties agree that any date listed on the exhibit list is not evidence of nor an admission of the date of the document, and that failing to list a date is neither evidence nor an admission of whether the document is dated.

35. Legible photocopies of the patents and their file histories may be offered as evidence in lieu of certified copies thereof, subject to all other objections that might be made to admissibility of certified copies.

36. Legible photocopies of United States and foreign patents may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies. Legible photocopies of United States patent applications and the contents of patent file histories may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

37. Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of originals, subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the photocopy. Each such document shall be deemed prima facie to have been created on the date it bears (if any), subject to the right of the party against whom it is offered to adduce evidence to the contrary.

38. The parties have agreed that the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits.

39. The parties shall make available for inspection physical exhibits to be used at trial, labeled with an exhibit number.

40. The parties will offer as exhibits at trial one or more of the exhibits set forth in their respective exhibit lists. These lists include the exhibit numbers to be used at trial and a description sufficient to identify the exhibits. These exhibit lists may include exhibits that may not be introduced into evidence. A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.

41. Any document not identified on an exhibit list may be used at trial for the purposes of impeachment, if otherwise competent for such purposes.

42. The listing of an exhibit by a party on its exhibit list does not waive any objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.

43. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document.

44. The parties will make available at trial all physical exhibits marked at the depositions taken in this action.

## VII. WITNESSES TO BE CALLED

45. The witnesses Volcano may call in person or by deposition at trial are listed in Volcano's Witness List attached at **Tab 7**.

46. Volcano reserves the right to call any additional witness necessitated by any of the Court's pretrial or trial rulings. In addition, Volcano reserves the right to call, either live or by deposition (i) additional witnesses to provide foundational testimony should any party contest the authenticity or admissibility of any material proffered at trial; (ii) substitute witnesses for any identified witness whose employment or other relationship with a company changes such that he or she is no longer able, available or willing to testify on that company's behalf at trial; (iii) any witness identified by St. Jude or required to rebut St. Jude's case; and/or (iv) additional witnesses to respond to issues raised after the submission of this list, such as the testimony of witnesses who have not yet been deposed. Volcano further reserves the right to introduce the deposition testimony of any witness who submitted an expert report or declaration on behalf of (or in support of) St. Jude, but who is not called live at trial.

47. The witnesses St. Jude may call in person or by deposition at trial are listed in St. Jude's Witness List attached at **Tab 8**.

48. St. Jude reserves the right to call any additional witness necessitated by any of the Court's pretrial or trial rulings. In addition, St. Jude reserves the right to call, either live or by deposition (i) additional witnesses to provide foundational testimony should any party contest the

authenticity or admissibility of any material proffered at trial; (ii) substitute witnesses for any identified witness whose employment or other relationship with a company changes such that he or she is no longer able, available or willing to testify on that company's behalf at trial; (iii) any witness identified by Volcano or required to rebut Volcano's case; and/or (iv) additional witnesses to respond to issues raised after the submission of this list, such as the testimony of witnesses who have not yet been deposed. St. Jude further reserves the right to introduce the deposition testimony of any witness who submitted an expert report or declaration on behalf of (or in support of) Volcano, but who is not called live at trial.

49. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either live or by deposition.

50. The parties agree that they may be able to pare down their witness lists subsequent to the submission of this Joint Pretrial Order. Accordingly, by December 30, 2013, each party shall provide an amended notice of the witnesses it will call to testify live, and the order in which these witnesses will testify.

## VIII. PARTIES' BRIEF STATEMENT OF INTENDED PROOFS

51. Volcano's Statement of Intended Proofs is attached as **Tab 9**.

52. St. Jude's Statement of Intended Proofs is attached as **Tab 10**.

## IX. MISCELLANEOUS ISSUES

53. The parties have stipulated to the following procedures, which shall govern the conduct of the trial:

### A. Stipulated Procedures Concerning Exhibits

54. The requirement to exchange copies of exhibits under Civil L.R. 16.3(d)(2) is waived by both parties, and neither party shall be precluded from offering exhibits into evidence at trial as a result of such waiver.

55. The parties will instead exchange pre-marked, electronic copies of exhibits on January 7, 2014.

56. Only those documents that appear on an exhibit list may be offered into evidence at trial with any witness unless otherwise agreed by the parties or upon leave of Court for good cause shown.

57. The parties shall identify and exchange trial exhibits and demonstrative exhibits that will be used in opening statements by 2:00 p.m. Eastern Time on January 13, 2014, and shall exchange their objections to these trial exhibits and demonstrative exhibits by 6:00 p.m. Eastern Time on January 13, 2014, and shall meet and confer on any objections at some time thereafter, but in no event later than 8:00 p.m. The parties need not identify or exchange trial or demonstrative exhibits for use in cross-examination or closing arguments.

58. The parties shall identify all trial exhibits and demonstrative exhibits to be used on direct examination, by exhibit number and intended witness, by 8:00 p.m. Eastern Time two calendar days before their use. The parties shall provide any objections to trial exhibits and demonstrative exhibits by 8:00 p.m. Eastern Time one calendar day before an exhibit's use. The parties will meet and confer on any objections at some time thereafter and will present any unresolved issues to the Court the morning of the proposed use of the disputed exhibit.

59. The parties agree that notice of a party's intended use of blow-ups (enlargements) of admitted trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, etc. of such exhibits and/or deposition testimony need not be given (and need not be exchanged as a demonstrative exhibit), as long as the party has identified its intention to use the trial exhibit and/or deposition testimony according to the preceding paragraphs.

60. The parties request that counsel be permitted to move, and the Court admit if appropriate, evidence on the morning following use of the evidence, to the extent not admitted at the time of use.

**B. Stipulated Procedures Concerning Witnesses To Be Called In Person**

61. By 8:00 p.m. Eastern Time two calendar days before calling a live witness identified on their trial witness list, the calling party shall notify opposing counsel in writing of its intention to call that witness, the order of appearance of witnesses, if more than one, along with an identification of the trial exhibits and demonstrative exhibits that it expects to use on direct examination of each witness. For example, if a party intends to call such a witness on a Wednesday, it shall by 8:00 p.m. Eastern Time Monday notify counsel of trial exhibit numbers and provide demonstrative exhibits. Also, by way of example, if a party intends to call such a witness on Monday, it shall notify counsel by 8:00 p.m. Eastern Time on Saturday. Except as the Court may order otherwise upon good cause shown, the calling party may not call a live witness at trial unless so identified.

62. Prior to the time they testify, fact witnesses shall be barred from hearing the testimony of other witnesses; however, in accordance with provision (2) of Rule 615, this exclusion rule will not apply to the person(s) designated by each party as its representative. Expert witnesses are not excluded from the courtroom for either fact or expert testimony.

**C. Stipulated Procedures Concerning Depositions**

63. The requirement under Fed. R. Civ. P. 26(a)(3) to exchange designations of deposition testimony at least 30 days before trial is waived by both parties, and is replaced instead by the following stipulated procedure:

64. In order to offer deposition testimony at trial, the party that seeks to play (or read) deposition testimony must in writing notify the opposing party of its intention to do so no later

than 8:00 p.m. Eastern Time four calendar days before the offer. By 8:00 p.m. Eastern Time four calendar days before deposition testimony is to be read or played, the party offering the deposition testimony will designate the specific portions of the deposition it reasonably expects to offer at trial. By 8:00 p.m. Eastern Time three calendar days before the deposition testimony is to be read or played, the party against whom the deposition testimony will be offered will provide its objections and counter-designations. By 8:00 p.m. Eastern Time two days before the deposition testimony is to be read or played, the party offering the deposition testimony will identify its objections to counter-designations and any counter-counter designations. By 11:00 p.m. Eastern Time two days before the deposition testimony is to be read or played, the party against whom the deposition testimony will be offered will provide any objections to counter-counter designations. The parties shall meet and confer at some time thereafter, and will present any unresolved issues to the Court the day before the proposed offer of deposition testimony at trial.

65. No party will designate more deposition testimony under this procedure than can be reasonably expected to be offered at trial on the day the deposition testimony is to be read or played and also in view of the limited presentation time afforded the parties to present their respective cases.

66. At trial, the compilation of deposition testimony by the parties shall be read or played in page order. No objections or exchanges between counsel will be played or read. If a party designates deposition testimony, and the other party counter-designates, both the designation and counter-designation will be read or played together in page order. The time available for each side's presentation shall be reduced by the length of its designations or counter-designations, as measured by the lines of testimony each party designates as a

percentage of the total number of lines read or played. For example, if each side designates 10 lines of testimony and the time required to read or play all of the designated testimony is 10 minutes, each side will be charged 5 minutes.

67. Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment.

**D. Stipulation Concerning Authenticity/Business Record Status**

68. Volcano admits the authenticity of each document that on its face appears to have been generated by Volcano and/or its predecessor companies, such as Jomed Inc., Endosonics Corp., Cardiometrics Inc., and related entities (collectively, "Volcano's predecessors") (including documents generated by its employees during the course of their employment for Volcano and/or Volcano's predecessors), and produced in this case by Volcano.

69. Volcano admits the business record status of each document that on its face appears to have been generated by Volcano and/or its predecessors (including documents generated by its employees during the course of their employment for Volcano and/or Volcano's predecessors) concerning a matter pertaining to a regularly conducted business activity of Volcano and/or Volcano's predecessors and produced in this case by Volcano subject to the caveat that Volcano may object to the admissibility of any specific statement in a document to the extent it can show that such statement does not fall within Fed. R. Evid. 803(6) or should otherwise not be admitted (e.g., pursuant to Rule 402 or 403, Fed. R. Evid.).

70. St. Jude admits the authenticity of each document that on its face appears to have been generated by St. Jude and/or its predecessor companies, such as Radi Medical Systems, AB and other related Radi entities (collectively "Radi") (including documents generated by its employees during the course of their employment for St. Jude and/or Radi), and produced in this case by St. Jude.

71. St. Jude admits the business record status of each document that on its face appears to have been generated by St. Jude and/or its predecessor companies, such as Radi (including documents generated by its employees during the course of their employment for St. Jude and/or Radi) concerning a matter pertaining to a regularly conducted business activity of St. Jude and/or Radi and produced in this case by St. Jude subject to the caveat that St. Jude may object to the admissibility of any specific statement in a document to the extent it can show that such statement does not fall within Fed. R. Evid. 803(6) or should otherwise not be admitted (*e.g.*, pursuant to Rule 402 or 403, Fed. R. Evid.).

**E. Other Disputed Matters**

72. Volcano proposes that from the commencement until the conclusion of trial, and with the exception of Rule 50 motions, the parties would not file any written briefs or motions, absent a contrary request from the Court or agreement by the parties. Instead, the parties would meet and confer about any disputed issues and, if they are unable to resolve them, would first present them to the Court orally at the appropriate time. St. Jude agrees that the parties will meet and confer about any disputed evidentiary issues, but respectfully believes that, for certain matters that may arise at trial, it may benefit the Court to receive short, written submissions.

**F. Motions in Limine**

73. Pursuant to the Scheduling Order (D.I. 470 ¶ 10), St. Jude has included as **Tab 11** the complete briefing (including the Volcano's response and exhibits) for its Motions *in Limine*.

74. Volcano has not filed any motions *in Limine*.

**G. Reservation of Rights**

75. The parties reserve the right to seek leave to supplement or amend this final pre-trial order based on subsequent events or by agreement.

## X. CERTIFICATION OF TWO-WAY COMMUNICATION

76. The parties certify that two-way communication has occurred between persons having authority, in a good faith effort to explore resolution of the controversy by settlement. It was determined that the matter could not be resolved at that juncture by settlement.

## XI. ORDER TO CONTROL COURSE OF ACTION

77. This Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

SO ORDERED this ________ day of _________________, 2013

_________________________________
UNITED STATES DISTRICT JUDGE

*/s/ Steven J. Fineman*
Steven J. Fineman (#4025)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
fineman@rlf.com
rawnsley@rlf.com

*Attorneys for Plaintiffs-Counter-Defendants St. Jude Medical, Cardiology Division, Inc., St. Jude Medical Systems AB, and St. Jude Medical S.C., Inc.*

OF COUNSEL:

John Allcock
Drew M. Wintringham
Stuart Pollack
Tamar Y. Duvdevani
Nicholas (Nika) F. Aldrich, Jr.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500

Monica Thompson
DLA Piper LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
(312) 368-4000

Dated: September 13, 2013

*/s/ Thomas Lee Halkowski*
Thomas Lee Halkowski (#4099)
Martina Tyreus Hufnal (#4771)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, Delaware 19899-1114
(302) 652-5070
halkowski@fr.com
tyreus@fr.com

*Attorneys for Defendant-Counterclaimant Volcano Corporation*

OF COUNSEL:

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, Massachusetts 02210-1878
(617) 542-5070

Todd G. Miller
Michael M. Rosen
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
(858) 678-5070