# RICHARDS LAYTON & FINGER

Steven J. Fineman
Director
302-651-7592
fineman@rlf.com

November 27, 2013

**VIA CM/ECF & HAND DELIVERY**  REDACTED - PUBLIC VERSION
The Honorable Richard G. Andrews
United States District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *St. Jude Medical, Cardiology Div., Inc., et al. v. Volcano Corp.*, C.A. No. 10-631-RGA

Dear Judge Andrews,

I write on behalf of Volcano and St. Jude to advise that the parties have reached a conditional agreement resolving the issues of damages and willfulness set to be tried in this matter in January. A stipulation reflecting the parties' agreement is being prepared and will be submitted as soon as possible by the parties. In the interim, the parties request that:

(i) The Pre-Trial Conference set for January 2, 2014 and the trial set to commence on January 14, 2014 be vacated;

(ii) St. Jude's motion for summary judgment of no willful infringement (D.I. 558), St. Jude's motion for partial summary judgment of no damages for insufficient marking (D.I. 581) and St. Jude's motion for partial summary judgment limiting lost profits damages (D.I. 582) be denied as moot without prejudice; and

(iii) all *Daubert* motions (D.I.s 584 and 590) regarding the January 14 damages trial be denied as moot without prejudice.

(iv) Inequitable conduct:

    (a) St. Jude's position: St. Jude believes that there is no reason to adjudicate inequitable conduct at this time. In regard to St. Jude's newer products (PressureWires 6 through 8), these products have already been found not to infringe, and inequitable conduct is moot. In regard to the PressureWire 5, St. Jude has conceded infringement under the Court's claim construction and has agreed to pay REDACTED in damages, subject only to an appeal on claim construction. St. Jude is willing to pay this REDACTED amount independent of inequitable conduct, and would be willing to pay the REDACTED even if the

The Honorable Richard G. Andrews
November 27, 2013
Page 2

'965 were later found to be unenforceable, if Volcano would agree that this concession would have no res judicata, collateral estoppel, or other preclusive effect. If agreed to, this arrangement would make inequitable conduct moot.

(b) Volcano's position: Volcano's motion for summary judgment of no unenforceability for inequitable conduct or, in the alternative, for a ruling on the merits of St. Jude's unenforceability defense without a hearing (D.I. 477), has been fully briefed and argued to the Court. The parties have invested significant time and effort in taking the underlying discovery, including expert discovery, and preparing the briefing and the arguments presented. Volcano is unwilling to make the concession requested by St. Jude regarding the preclusive effect of a settlement of the 10-631 case on this issue for at least two reasons. First, St. Jude says nothing about the impact of its concession if the jury's determination of no infringement of Volcano's '965 patent under the doctrine of equivalents is reversed on appeal. Second, St. Jude will make very similar inequitable conduct arguments against Volcano's patents at issue in the 13-687 case. Those patents are continuations of the '965 patent. Given that the crux of St. Jude's inequitable conduct argument is infectious unenforceability, if the Court were to find that incorrect inventorship does not create downstream unenforceability as to the '965 patent at issue in the 10-631 case, then by the same rationale, incorrect inventorship would not be able to create downstream unenforceability as to the two child patents of the '965 patent at issue in the 13-687 case. Even if the Court determines that Volcano's motion cannot be granted, the issues to be addressed in a bench trial on inequitable conduct are in the Court's discretion, and Volcano submits that they are narrow. Given all of the work that has gone into resolving this issue, it makes sense to have a short bench trial now, if necessary, rather than re-opening discovery on this issue and repeating all of the briefing and argument that have already been presented.

Respectfully,

/s/ Steven J. Fineman

Steven J. Fineman (#4025)

SJF/jjr
cc:     All Counsel of Record (via CM/ECF and electronic mail)